NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

MAKENZIE JUNE MARTIN,

Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant - Appellee.

No. 24-4181

D.C. No.
3:23-cv-06057-BAT

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted August 12, 2025[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and WARDLAW, Circuit Judges.

Mackenzie Martin appeals a district court order affirming the denial by an

Administrative Law Judge ("ALJ") of her application for disability insurance

benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 423. We

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's order affirming the ALJ's denial of benefits. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). "The Commissioner's denial of disability benefits may be set aside only when the ALJ's findings are based on legal error or not supported by substantial evidence in the record." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003). "Substantial evidence means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988) (citations and internal quotation marks omitted).

1. The ALJ permissibly discounted Martin's subjective complaints about her shoulder pain due to inconsistencies with the evidence of her numerous daily activities. *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). The record details Martin's activities which reasonably require the use of her upper extremities, including caring for her brother, cooking, cleaning, yardwork, dancing, yoga, and horse therapy. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (affirming denial of disability benefits when the claimant "was able to perform various household chores such as cooking, laundry, washing dishes, and shopping").

2.    The ALJ properly evaluated Dr. Rogge's opinion for supportability and consistency.  20 CFR § 404.1520c(a).  First, the ALJ explained that Dr. Rogge's opinion contained internal inconsistencies.  Dr. Rogge's physical exam showed that Martin had full range of motion in her upper extremities and normal strength of grasp.  Dr. Rogge then inconsistently concluded that Martin could do "[n]o work" above shoulder level, but also stated that she could reach out "occasionally" and "seldom" above the shoulder.  *See Kitchen v. Kijakazi*, 82 F.4th 732, 740 (9th Cir. 2023) (discounting a doctor's opinion when it was inconsistent with his noted observations).  Second, the ALJ explained that Dr. Rogge's overhead work and reaching limitations were inconsistent with Martin's daily activities and medical record.

Additionally, the ALJ permissibly discounted Dr. Rogge's opinions due to a lack of supporting explanation.  An ALJ may permissibly reject doctors' check-off reports "that do not contain any explanation of the bases of their conclusions."  *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) (quotation omitted).  Because Dr. Rogge's opinion regarding Martin's reaching limitations comes from a check-off report where Dr. Rogge did not provide any explanation for his conclusions, the ALJ did not err in disregarding it.  *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (an ALJ must resolve conflicts between medical opinions and may look to the level of an opinion's explanation when assigning its

evidentiary weight).

3.    Finally, the ALJ properly weighed Martin's receipt of unemployment benefits against a finding of disability. *See Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) ("Continued receipt of unemployment benefits does cast doubt on a claim of disability, as it shows that an applicant holds himself out as capable of working.").

**AFFIRMED.**